UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**NORMAN PAUL TRAHAN**                                    **CIVIL ACTION**

**VERSUS**                                                **NO.  05-6381**

**LABORDE MARINE LIFTS, INC.**                            **SECTION "T"**

## ORDER AND REASONS

Before the Court is Third-Party Defendant Major Equipment & Remedial Services, Inc.'s ("Major Equipment") motion for summary judgment [Rec. Doc. No. 62].  Plaintiff Norman Paul Trahan and Defendant Laborde Marine Lifts, Inc. ("Laborde Marine") oppose this motion. Major Equipment contends that its employees did not take part in the alleged negligent activities which resulted in plaintiff's injuries; in the alternative, Major Equipment argues that any injuries resulting from the actions of Major Equipment's employees were not reasonably foreseeable to constitute the breach of a duty flowing from Major Equipment to the plaintiff.  The Court, having considered the arguments of the parties, the Court record, the law and applicable jurisprudence, is fully advised in the premises and ready to rule.

**I.     Background**

Plaintiff Trahan was employed by defendant Laborde Marine as an offshore crane operator and deckhand.  In November 2004, employees of Laborde Marine and several other

companies, including third-party defendant Major Equipment, were chartered by British Petroleum ("BP") to work together on sites in the Gulf of Mexico from a Laborde Marine vessel. While Trahan and the team of workers were on board, an account was opened using Trahan's contact information on the internet dating website "Hotornot.com" from a BP computer and internet connection. The picture and profile that were uploaded onto the website falsely stated that Trahan was a homosexual and a user of illicit drugs. Upon checking his email account, he discovered hundreds of emails inquiring about his profile, for which Trahan alleges he was subjected to belittling and inappropriate comments by the other workers.

Suspecting that an employee from Major Equipment, Brad Sanner, was involved, Trahan complained to Gary Eaton, Captain of the vessel, demanding to be allowed to leave the vessel and offering his resignation. Eaton refused and, after being informed about Trahan's alleged drug use, ordered the entire crew to be drug tested and the vessel locked down and searched. No drugs were found on the vessel and Trahan's drug test was negative.

On December 6, 2005, Trahan filed suit under the Jones Act against Laborde Marine for negligence resulting in emotional and physical injury and false imprisonment. Laborde Marine filed a third-party complaint against Major Equipment due to the alleged involvement of one of its employees, Sanner, in the posting of the website profile and the ship lock down. Major Equipment asserts that the affidavit of Sanner and other workers on the vessel prove that employees of Major Equipment had no involvement in the activities that resulted in plaintiff's injuries. Major Equipment subsequently filed this motion for summary judgment, asserting that no genuine issue of material fact exists and that Major Equipment should be released from the litigation as a matter of law.

## II. Motion for Summary Judgment Standard

Federal Rule of Civil Procedure 56(c) states that summary judgment is the proper remedy if no genuine issue to any material fact exists, and the moving party is entitled to judgment as a matter of law.  A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party."[1]  The alleged existence of a factual dispute does not defeat an otherwise properly supported motion.  Therefore, if the evidence is "merely colorable, or is not significantly probative," summary judgment is appropriate.[2]

Summary judgment is also proper if the party opposing the motion fails to establish an essential element of the case.[3]  The non-moving party must do more than simply deny the facts and legal claims raised by the moving party.  Rather, the party must come forward with competent evidence, such as affidavits or depositions, to challenge the claims.[4]  However, in evaluating the summary judgment motion, the Court must read the facts in the light most favorable to the non-moving party.[5]

## III. Analysis

Major Equipment relies on the affidavits of its two employees, Sanner and Aaron Ribardi, who stated that they at no time had access to a computer, did not post the profile on the website, and have never visited this website.  Trahan, however, stated that he was able to check

---

[1] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[2] *Id.*, at 249-50.

[3] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-3 (1986).

[4] *Matsushita Elec. Indus. Co. v. Zenith Radio.*, 475 U.S. 574, 585-6 (1986).

[5] *Anderson*, 477 U.S. at 255.

his email from the vessel, whereupon he learned of the website profile in the first place, and from which other workers viewed the profile after he discovered it.  Accordingly, there is the possibility that Sanner and Ribardi could have had access to a computer with an internet connection; the same can be said of all other workers on the vessel.  The truthfulness of their statements relating to the posting of the profile is an issue for a trier of fact.

Neither Sanner nor Ribardi mentioned the alleged statement made by Sanner or the subsequent lock down relating to plaintiff's false imprisonment claim.  Trahan and Laborde Marine contend that Captain Eaton was approached by another crewman, Tyler Lege, who relayed a statement allegedly made by Sanner regarding Trahan and illegal drug use on the vessel.  This statement to Eaton precipitated the lock down and drug testing of all on board and is now the basis for a claim in plaintiff's complaint.  Any facts surrounding this are material to the case.  While the statements made to the crewman and repeated to Eaton are hearsay, Sanner has not denied making any of such statements and the crewman may be deposed or called to the witness stand.  The issue is whether Sanner made the comments, not whether they were an attempt to prove the truth of the matter asserted.  While Major Equipment argues that the affidavits are sufficient to show a complete absence of a genuine dispute of material facts, pre-trial discovery is not complete, and the affidavits of Sanner and Ribardi do not address all of the plaintiff's claims.

Accordingly**,  IT IS ORDERED** that the motion for summary judgment by third-party defendant Major Equipment be **DENIED** for being premature and inappropriate given the state of pre-trial discovery and the genuine issues of material fact in dispute regarding the extent to which employees of Major Equipment were involved in the events in question.

New Orleans, Louisiana, this 2nd day of July, 2007.

_____
**G. THOMAS PORTEOUS, JR.
UNITED STATES DISTRICT JUDGE**